# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:14-CR-123-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LONNIE SHAWN HOPSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Consolidated Motion For Revocation Of Bond And To Reopen Detention Hearing For Pretrial Detention Order" (Document No. 7) filed by the government on July 17, 2014; it is also before the Court on the Court's own motion to reopen the detention hearing consistent with 18 USC § 3142(f). Because of the unusual circumstances presented, the Court will take an interim action immediately, without awaiting the Defendant's response. In short, the Court will <u>grant</u> the motion, revoking Defendant's bond and setting a reopened detention hearing for July 28, 2014.

In the government's motion, the government alleges a number of facts not known to or presented by Assistant United States Attorney O'Malley at the first hearing that bear directly on the issue of risk of flight. Just to pick one, Defendant allegedly told a Secret Service agent upon his apprehension something akin to he "knew how to disappear and stay off the radar." The Secret Service agent was not present at the hearing. In a case like this one where Defendant has an extensive prior criminal record and presented a close call on detention even in this white collar case, this additional information could arguably be critical.

In addition to the government's allegations, the Court has simultaneously been informed by US Probation that the home proposed by Defendant for him to reside in while on pretrial release was determined unsuitable by US Probation. When US Probation arrived at the home, there was overwhelming evidence of ongoing marijuana use, Defendant's girlfriend could not confirm Defendant's employment, and the home had no land telephone line to allow for effective location monitoring. Even without the government's motion, under the statute, this information alone would allow the Court, on its own motion, to reopen the hearing.

With due respect to Defendant's fine counsel, Mr. Butler, the Court concludes that justice requires immediate interim action given these circumstances. Defendant's release on bond was contingent on approval of the residence, and so Defendant is not technically eligible for release, but the Court wishes to bring clarity to Defendant's current situation. Mr. Butler will have a future opportunity to advocate for Defendant's release at the July 28 hearing.

**IT IS, THEREFORE, ORDERED** that the government's "Consolidated Motion For Revocation Of Bond And To Reopen Detention Hearing For Pretrial Detention Order" (Document No. 7) is **GRANTED** to this extent: Defendant's bond is revoked and Defendant's case is set for a reopened detention hearing before the undersigned on **July 28, 2014** at 9:45 a.m.

**SO ORDERED**.

Signed: July 17, 2014

David C. Keesler
United States Magistrate Judge